ANDREW SETTERSTORM v. DE DIETRICH IMPORT COMPANY.

Argued February 23, 1909—Decided June 7, 1909.

1. A verdict the result of conflicting evidence will not be set aside unless clearly against the weight of the evidence.
2. A court will not set aside a verdict as excessive unless it is perfectly plain that it is so.

On rule to show cause.

Before Justices REED, TRENCHARD and MINTURN.

For the plaintiff, *George S. Silzer.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

TRENCHARD, J.    Andrew Setterstorm, the plaintiff, a farmer living near Metuchen, was driving home at about five-thirty o'clock on the afternoon of December 22d, 1906, when he was run into from behind by an automobile which overtook him.   The collision threw the plaintiff out of his farm wagon violently to the ground and injured him severely.

This action was brought in the Supreme Court to recover for such injuries, and the trial at the Middlesex Circuit resulted in a verdict for the plaintiff of $2,000.

The defendant obtained this rule to show cause why the verdict should not be set aside.

The evidence was most persuasive that the automobile was being driven at a high rate of speed without lights, and that the plaintiff, when overtaken, was where he had a right to be on the public highway and was without fault.   So it seems to be here conceded that the driver of the automobile was negligent and that there was no contributory negligence upon the part of the plaintiff.   .

The only reasons for setting aside the verdict urged by the defendant are—*first,* that the defendant is not responsible for the acts of the driver, and *second,* that the damages are excessive.

We think that the question of this defendant's responsibility was properly submitted to the jury.

The car was being taken from the warerooms of the defendant, the De Dietrich Import Company, in New York (the seller), to Rowan & Company, in Philadelphia (the purchasers), and the collision took place on the way, at Metuchen. The car bore the defendant's New Jersey license number

"M 223." James Hillyard was driving the car, and Mr. Blair, a member of the firm of Rowan & Company, was riding with him. Besides these two there was another man in the car whom the evidence seems to show was the mechanic or demonstrator of the defendant.

The contention of the defendant company is that Hillyard, the driver of the car, was not in its employ, nor under its control, and that, therefore, the company is not responsible for his negligence.

Mr. Blair, a witness called by the plaintiff, testified in effect that the automobile was to be delivered by the defendant to Rowan & Company in Philadelphia, and, since there had been no demonstration of the car, a representative of Rowan & Company had the privilege of riding in it to Philadelphia with the demonstrator; that it was to avail him of that privilege that he went to defendant's warerooms in New York; that the defendant company hired the driver and paid him and instructed him to deliver the car for the company to Rowan & Company in Philadelphia; that he (Blair) had never seen Hillyard, the driver, before that day, and did not hire nor pay him and exercised no control over him or the machine. He is corroborated by the written contract between the parties, by the telegram sent by the defendant company to Rowan & Company, by the statement first made by Hillyard, and by the fact that after the car was wrecked at the accident it was towed back to the defendant's place in New York for repairs by the head demonstrator of the defendant company, who went to Metuchen for that purpose.

The defendant attempted to overcome the force of this proof upon the part of the plaintiff by the testimony of its manager, of its bookkeeper and by that of Hillyard, the driver. By their testimony the defendant sought to show that Hillyard was not and never had been in their employ, and that the car was delivered by them in New York to Mr. Blair, the agent of Rowan & Company, and that Hillyard was employed by Blair to drive the car on the trip in question, and was therefore the servant of Rowan & Company. But in view of the testimony of Blair, corroborated as it is in its

important features by the defendant's telegram, Hillyard's first statement, and the entries in the books of the defendant company, we think the question at issue was properly submitted to the jury, and we cannot say that the verdict is so clearly against the weight of evidence as to justify us in disturbing it upon that ground.

But the defendant insists that the verdict is excessive.

It appeared that the plaintiff, who was thirty-seven years old, was considerably bruised, causing him to be confined to the house for some time, and that, in addition thereto, he was ruptured. The testimony is that the rupture is permanent and severe and gives and is likely to continue to give him pain, and that as a result of his injuries he is not able to do much of his ordinary work upon the farm. Besides that his horse, wagon and harness were injured. Under this state of proof we cannot say that the verdict of $2,000 is so plainly excessive as to justify this court in disturbing it.

The rule to show cause will be discharged.